IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOSE RAMIREZ<br>*Plaintiff,* | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 7:24-cv-00038 |
| NATIONWIDE MUTUAL<br>INSURANCE COMPANY<br>*Defendant.* | §<br>§<br>§<br>§<br>§ | |

## NOTICE OF REMOVAL

Defendant Nationwide Mutual Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Jose Ramirez v. Nationwide Mutual Insurance Company*; Cause No. C-0200-24-B; In the 93rd Judicial District of Hidalgo County, Texas.

## I.
## BACKGROUND

1.	Plaintiff Jose Ramirez (hereinafter "Plaintiff") initiated the present action by filing his Original Petition in Cause No. C-0200-24-B; In the 93rd Judicial District of Hidalgo County, Texas on January 16, 2024 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2.	Defendant appeared and answered on February 7, 2024, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3.	Pursuant to 28 USC § 1446(a) and Southern District of Texas Local Rule 81(1), all a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**.

4. Pursuant to Southern District of Texas Local Rule 81(2), all documents asserting pleadings and answers to such pleadings are incorporated in Exhibits A and B.

5. Pursuant to Southern District of Texas Local Rule 81(3), a full copy of the state court file has been requested and will be filed upon receipt.

6. Pursuant to Southern District of Texas Local Rule 81(4), the State Court Action docket sheet is attached as **Exhibit C.**

7. Pursuant to Southern District of Texas Local Rule 81(5), an index of matters being filed is being filed contemporaneous with this Notice of Removal.

8. Pursuant to Southern District of Texas Local Rule 81(6), a list of all counsel of record, including addresses, telephone numbers and parties represented is being filed contemporaneous with this Notice of Removal.

9. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendant of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.    Diversity of Parties**

11. Plaintiff is an individual domiciled in Hidalgo County, Texas. *See* **Exhibit A**, at ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

12. Nationwide Mutual Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

13. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.    Amount in Controversy**

14. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Santiago v. State Farm Lloyds*, No. 7:13-CV-83, 2013 WL 1880845, at *1 (S.D. Tex. May 3, 2013). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Puckitt v. Wells Fargo Bank, N.A.*, No. G-09-0056, 2010 WL 2635626, at *3 (S.D. Tex. June 28, 2010) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *Puckitt*, 2010 WL 2635626, at *3 (citing *Allen*, 63 F.3d at 1335).

15. Here, Plaintiff's Original Petition seeks "only monetary relief, the maximum of which is no more than $250,000.00 or less excluding penalties, costs, pre-judgment interest and attorney's fees. Furthermore, Plaintiff's damages do not exceed $250,000.00." **Exhibit A**, Plaintiff's Original Petition, at ¶ 48. However, Plaintiff sent a pre-suit demand letter in which it claimed $190,318.11 for "building damages," $1,000 for "Attorney's Fees," $18,808.22 for "Penalty" and $9,515.91 for "Prejudgment Interest" for a total demand of $219,642.24. **Exhibit D**, Plaintiff's October 13, 2023 demand letter at p. 3.

16. Last, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227

F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). In this case, Plaintiff seeks "actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal in this case, for all costs of Court on his behalf expended, [and] for prejudgment and post-judgment interest as allowed by law . . ." **Exhibit A,** at § - Prayer. Therefore, the allegations in Plaintiff's pre-suit demand letter coupled with the types of damages he seeks in its Original Petition make clear that the threshold for diversity jurisdiction, $75,000, is established.

17. The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

18. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

19. WHEREFORE, Defendant Nationwide Mutual Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
Southern District No. 38513
pkemp@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834

(512) 476-7832 – Facsimile

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District No. 1117137
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 7th day of February, 2024 to:

Larry W. Lawrence, Jr.                                         **#9414 7266 9904 2178 2259 45**
Michael Lawrence
Celeste Guerra
Lory Pawlak
Lawrence Law Firm
3112 Windsor Rd., Ste. A234
Austin, Texas 78703
lawrencefirm@gmail.com
celesteguerralaw2017@gmail.com
lory.lawrencefirm@gmail.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp